BY THE COURT.
The provisions of the statute do not affect the question, the remedy provided for the apprentice, and the-summary proceedings under the statute, are cumulative only. In the ease before us, the plaintiff complains that his apprentice-wrongfully left his service, contrary to the defendant’s covenant. Suppose the plaintiff cowhided the servant, and ordered him away,, under circumstances which no apprentice ought to submit to, would it not be proper to inquire into the facts to mitigate the damages-—would a master driving away his apprentice be entitled to the-same compensation as one who treated him kindly, and desired him to stay? Clearly not. The question may be asked.
In the course of the examination, the plaintiff asked of a witness how productive the labor of the apprentice usually was.
The defendant objected to this as incompetent.
BY THE COURT. It is one way of ascertaining the injury to-the plaintiff by the apprentice leaving him, to learn what his services were worth — how much he could earn, or how much his labor produced. The question may be asked.
Cushing and G. Swan argued for the plaintiff to the jury, and
H. Bacon and Mason for the defendant.
WRIGHT, J. charged the jury, that the question of liability was not open before them, but if it was, the defendant having •covenanted for himself, was liable for the injury. He need not so have covenanted to make a good indenture. If he had given his consent, the law made the minor capable of covenanting — but as he chose to engage for himself, he must abide by it. The default admits it and some damages — the only question is the amount.
Verdict and judgment for the plaintiff.